**BOUNDS v BALDWIN et**

Ohio Appeals, 2nd Dist, Franklin Co

No 3351. Decided Oct 10, 1941

Williams, Williams, Klapp & Reynolds, Columbus. for plaintiff-appellant.

Clark V. Campbell, Columbus, for defendants-appellees.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court on a verdict directed for the defendants upon their motion at the conclusion of the testimony offered by the plaintiff.

The error assigned is that the Court misinterpreted the probative effect of the testimony offered on behalf of the plaintiff upon the whole record and that the case should have been submitted to the jury.

The Court predicated his direction of the verdict upon the finding that, "There is an entire absence of proof that the defendants or hospital employees put these petals on the floor; and there is an entire absence of proof as to the length of time that they were there."

We have heretofore had this case on review after the sustaining of a demurrer to the amended petition.

Plaintiff, a nurse, privately employed to attend a patient in Grant Hospital, while carrying a tray along the corridor of the third floor of said hospital slipped and fell and was seriously injured. It is her claim that she was caused to fall by the presence of rose petals along the corridor and to the side thereof upon which petals she slipped and fell. She offered proof to the effect that the petals were on the floor; that she slipped upon them; that after the accident several petals were found upon each heel of her shoes.

She averred that "the defendants, through their employees, permitted their flowers to fall and remain upon the floor of the corridor, * * * and thereby created a dangerous condition, * * *".

The testimony as to the presence of petals on the floor is that immediately after her fall they were seen to be lying along the corridor in the center

and on both sides thereof near where the plaintiff fell.

This is the only direct testimony as to the actual presence of the petals upon the floor. It is obvious that they were there for some time prior to the fall and it is essential to the plaintiff's case that it appear, either that the employees of the defendant put the petals on the floor, or, permitted them to be there for a sufficient length of time from which it could be inferred that the defendant was charged with the knowledge of their presence upon the floor. There is no proof that any employee of the hospital knowingly put the petals upon the floor. There, then, remains the question whether or not there is any evidence in the record from which the jury may be permitted to infer that the employees of the defendant caused the petals to be upon the floor and/or permitted them to be thereon for such a length of time as that the hospital was put upon constructive notice of their presence.

It appears undisputed that it was the custom and the stated duty of the nurses to remove all flowers from the rooms at night and to place them along the corridors and on the following morning before 7:00 o'clock to pick up the flowers and replace them in the respective rooms. It further appears and, of course, would be common knowledge, that it was the usual occurrence for petals to fall from the flowers as they were moved about. There is testimony that on the morning of the accident there were flowers in the hall where plaintiff was injured and that they were moved therefrom to the rooms. Although it is evident that leaves might have fallen from flowers which were moved by an employee of the hospital in some manner other than was customary, or might have gotten upon the floor by flowers carried into the hospital by some visitor, there is no proof in the record of any such occurrence and it is testified by the former superintendent of the hospital that in her experience she had not known of any visitor bringing flowers to the hospital before 9:00 o'clock in the morning.

There is testimony on behalf of the plaintiff that on the morning of the accident the floor in the corridor where she fell had not been swept prior to her fall. The question is presented whether or not from these facts it is permissible to draw the inference that the petals were on the floor for an appreciable length of time before the accident, namely, from before 7:00 o'clock A. M., the time that the flowers were moved into the rooms, until the time of plaintiff's fall. This development of the evidence has given us considerable difficulty but we have concluded that a jury question was presented; that the facts appearing do not require pure conjecture to determine the issue as to notice but are such that an inference may properly be drawn that the defendant was put upon constructive notice.

We believe that the question whether or not the presence of the petals on the floor of the hospital created a dangerous situation was one of fact for a jury, in view of the direct testimony of the plaintiff and her witness that she slipped and fell upon the rose petals in conjunction with the proof that they were on the floor at the place where she fell and in other places in proximity thereto.

We are also of opinion that the testimony of the plaintiff as to the contents of the rules of the hospital which she testified were posted in the various rooms therein was admissible in its entirety, inclusive of that portion which treated of flower petals upon the floor as a hazard. Upon the testimony of the plaintiff, if accepted, the copy, Defendant's Exhibit 2, was also competent. Of course, if the jury found that the rules, concerning which plaintiff testified, were not effective prior to the date of her accident, they were competent for no purpose whatever.

That portion of the rules which treated of the hazard of petals upon the floor, if promulgated, was admissible if the jury found from other proof, that the presence of the rose petals constituted a dangerous condition, as

tending to show an appreciation by the defendant that flower petals, permitted to remain upon the floor of the hospital. would create such a condition.

Judgment reversed. Cause remanded.

GEIGER, PJ., BARNES AND HORNBECK, JJ.. concur.